WILLIAM YOUNG, Respondent, v. OMAHA, KANSAS
CITY & EASTERN RAILROAD COMPANY, Appellant.

**Kansas City Court of Appeals, December 4, 1899.**

**Appellate Practice:** EVIDENCE: EMPLOYMENT AND PAYMENT:
INSTRUCTION: VERDICT. Where the evidence is conflicting and
the issues relating to employment and payment are submitted on
proper instructions, the verdict must end the controversy.

Appeal from the Sullivan Circuit Court.—*Hon. W. W.
Rucker*, Judge.

AFFIRMED.

*J. M. Winters* and *J. G. Trimble* for appellant.

(1) It was error to give plaintiff's first instruction for
the reason that there was no evidence to justify it. An instruction not based on evidence in the case is erroneous. This
point needs no citation of authorities. (2) The court should
not have let the case go to the jury; but after doing so, appellant's motion for new trial should have been sustained for the
reason that the verdict is in direct conflict with the whole
evidence in the case, and could be the result only of prejudice
on the part of the jury. (3) The court should have given
the peremptory instruction to find for defendant, asked by appellant at the close of all the evidence. The evidence taken
as a whole shows two things satisfactorily to all fair minds:
(1) That respondent was not in the employ of the appellant
but in that of the Missouri Railway Construction Company;
and (2) that he has been paid all that was due him.

*Calfee, Swanger & Calfee* for respondent.

(1) Plaintiff's first instruction correctly declared the law
applicable to the evidence in the case. The authority of the

agent need not be proved by an express contract of agency; it may be proved by the habit and course of business of the principal. Mitchum v. Dunlap, 98 Mo. 418; Franklin v. Ins. Co., 52 Mo. 461; Brooks v. Jameson, 55 Mo. 505; Hoppe v. Saylor, 53 Mo. App. 4; Hull v. Jones, 69 Mo. 587. (2) Appellant says that respondent was not in its employ but in that of the Missouri Railway Construction Company; that it is not the owner of the roundhouse, but only a lessee, and that it had nothing to do with its construction. These contentions are not supported by the evidence. Johnson v. Hurley, 115 Mo. 513; Rice v. Groffman, 56 Mo. 434; Summerville v. Railroad, 62 Mo. 391. (3) The question of payment was a question of fact for the jury, and their finding will not be disturbed by this court. Henry v. Bell, 75 Mo. 194; Waddell v. Williams, 50 Mo. 216.

GILL, J.—The defendant has appealed from a judgment of eighteen dollars which the plaintiff recovered against it on account of work done at defendant's roundhouse in the city of Milan from February 8 to 14, 1898—six days and six nights.

The question is whether or not the trial court erred in sending the case to the jury—it being defendant's contention that there was no evidence to justify a verdict against it.

After examining the record and the evidence brought out at the trial, we feel constrained to let the judgment stand. That the plaintiff did the work, and that it was reasonably worth the amount charged, is not disputed. But for defendant it is insisted that the services performed were for and on account of another corporation or company; that plaintiff was not in the employ of defendant, but in that of the so-called "Missouri Railway Construction Company," who in fact had paid the plaintiff in full for the work.

It seems that in the summer of 1897 the citizens of Milan raised a sum of money by subscription to build a roundhouse

at that point, thereby inducing the defendant company to make that a division point in the operation of its road. This fund was accepted by the defendant and used for that purpose, but it proved inadequate. The defendant's evidence tends to prove that additional funds were then procured from or through the Missouri Railway Construction Company to finish the improvement. Plaintiff's claim is for services performed about the time of completing the job, and defendant insists that at that time it had nothing to do with the work, but that the same was under the entire supervision and control of said construction company, that all workmen were at that time under the employment of the construction company and that the defendant was under no obligation to them. And while defendant introduced evidence tending to prove this state of facts, yet in behalf of the plaintiff it was shown that his engagement was with the defendant railway corporation and that he never heard of said construction company until the controversy came into court. Plaintiff's evidence tended to prove that he did the work pursuant to a contract of hiring between himself and the company's authorized agent in charge.

The issue thus squarely made between the parties was fairly submitted to the triers of the facts and was by them decided in plaintiff's favor. This then must end the controversy. And as to the question of payment, this too was fairly submitted on conflicting evidence and on a proper instruction.

We discover no reason for disturbing the judgment and it will therefore be affirmed. All concur.